IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*************************************
UNITED STATES OF AMERICA,

         v.

LEWIS LEE

         Defendant.
*************************************

Criminal Action No.
06-CR-154

## SENTENCING MEMORANDUM OF THE UNITED STATES

### I.    INTRODUCTION

On May 31, 2006, Defendant Lewis Lee entered a plea of guilty to Counts 1, 2, 3 and 4 of a four count indictment. Count 1 charged "Transporting a minor interstate to have sex with the minor", 18 USC 2423(a). Count 2 charged "Traveling interstate to have sex with a minor", 18 USC 2423(b). Count 3 charged "Persuading a minor to travel interstate to have sex with the minor", 18 USC 2422(a). Count 4 charged "Traveling interstate to violate an Order of Protection", 18 USC 2262(a)(1). This Memorandum addresses the Presentence Investigation Report (PSR) and objections or arguments relating to sentencing made by the Defendant. If the Court is considering a departure from the applicable U.S. Sentencing Guidelines range, or the imposition of a non-Guidelines sentence, on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *United States v. Anati*, 457 F.3d 233, 237 (2d Cir. 2006) (requiring notice of and an opportunity to comment on the court's intent to impose, *sua sponte*, a non-Guidelines sentence in order to prevent unfair surprise and allow

for the "adversarial testing of factual and legal considerations relevant to sentencing"). *See* Fed R. Crim. P. 32(i)(1)(C), 32 (h).

## II. PLEA AGREEMENT

There is no plea agreement in this case. Defendant pleaded guilty to all four counts of the indictment.

## III. PRESENTENCE REPORT

### A. Factual Findings

The United States adopts the facts set forth in the Presentence Investigation Report submitted by the United States Probation Office on August 25, 2006. It is our position that all the facts and information contained in the PSR are accurate, relevant and appropriately considered for purposes of sentencing defendant Lee. Defendant objects to certain information contained in the PSR and requests that it be stricken. The government disagrees. The information that defendant complains about is in fact information relevant to defendant's conduct.

### B. Calculation of the Sentencing Guidelines Range

The United States adopts the offense level computations, the criminal history score, and the resulting Sentencing Guidelines range set forth in the Presentence Investigation Report. Accordingly, defendant's Total Offense Level is 30 and his Criminal History Category is II. Therefore, defendant's guidelines range is 108 to 135 months imprisonment.

### C. Government's Sentencing Recommendations

The government recommends that the Court sentence defendant to between 108-135 months imprisonment. We also recommend that the Court consider sentencing defendant to a lifetime term

of supervised release. Finally, we recommend that the Court issue an order requiring defendant to make restitution to the victim and her family and as specified in the PSR.

### D.     Defendant's Guidelines Objection: Vulnerable Victim Enhancement

Defendant Lee objects to the 2 point enhancement pursuant to guidelines section 3A1.1(b)(1), commonly referred to as the "Vulnerable Victim" enhancement. Defendant argues that because other enhancements already account for the age of the victim, the vulnerable victim enhancement should not apply. The government disagrees with defendant and our position is that the vulnerable victim enhancement, as well as the other enhancements, are all properly scored and do in fact apply to the facts of this case.

In our view, defendant misses the point. The vulnerable victim enhancement does not focus or highlight the victim's age, in this case a 15 year old girl. In fact, the application of the vulnerable victim enhancement in this case has very little, if anything, to do with the age of the victim. The enhancement in this case specifically focuses on the fact that defendant intentionally and methodically chose to prey upon a minor who due to her upbringing, education and life's experiences, or lack thereof, was therefore much, much more vulnerable to child predators like defendant Lee. Lee intentionally chose and selected a minor who by all accounts has led a very sheltered life with her extremely religious family in a very rural upstate country lifestyle. The victim was home schooled and lived a simple life on a family working farm. Defendant knew this and in fact that is what led him to select this victim. By choosing this victim, with her vulnerabilities, defendant Lee made certain that his preying tactics, under the cloak and protection of pretending to be a spiritual leader, would have a greater chance of succeeding. Lee chose a victim that is not at

all "worldly" and is extremely naive in life. Lee knew exactly what he was doing when he hand picked this vulnerable victim and groomed and prepared her for his selfish, sexual plans.

We therefore believe that this enhancement applies.

## IV. MOTIONS, APPLICATIONS AND REQUESTS OF THE UNITED STATES

### A. Payment of Financial Obligations

The imposition of an order requiring payment of restitution in full, according to a schedule set by the Court, is mandatory pursuant to 18 U.S.C. §§ 3663A(c)(1)(A) and 3664(f).

We respectfully request that the Court order immediate payment, in full, of the special assessment, the restitution, and any fine imposed. Given the information about the Defendant's financial condition set forth in the Presentence Investigation Report, we agree with the Probation Office that the Defendant is in a position to pay any such financial obligations immediately.

## V. GOVERNMENT'S RECOMMENDATION WITHIN GUIDELINES RANGE

In determining a "reasonable" sentence consistent with the Supreme Court's guidance in *United States v. Booker,* 543 U.S. 220, 259-260, 125 S. Ct. 738, 764-765 (2005), the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006. The Sentencing Reform Act

> requires judges to consider the "Guidelines" sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant,' [18 U.S.C.] § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) . . . . And the Act . . . requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) . . . .

*United States v. Booker,* 543 U.S. at 259-260, 125 S. Ct. at 764-765.

The Government respectfully contends that a sentence of 108-135 months within the Guidelines range would be reasonable and appropriate based upon all of the relevant sentencing factors.

"[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). "[T]he Guidelines reflect Congress' judgment as to the appropriate national policy" for criminal offenses. *United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006). The Guidelines are the principal means of complying with Congress's goal of maintaining uniformity in sentencing throughout the country, and avoiding unwarranted sentencing disparities. *See United States v. Smith*, 445 F.3d 1, 7 (1st Cir. 2006).

A sentencing court cannot "import [its] own philosophy of sentencing if it is inconsistent with the § 3553(a) factors." *United States v. Rattoballi*, 452 F.3d at 132 (internal quotation marks and citation omitted). "Nothing in *Booker* specifically authorizes district judges to rewrite different Guidelines with which they generally disagree . . . . Instead the focus of the *Booker* remedy opinion is on allowing district judges the flexibility to tailor sentences for each individual defendant against the backdrop of the Guidelines scheme as approved by Congress." *United States v. Castillo*, 460 F.3d 337, 355 (2d Cir. 2006) (district courts may not deviate from a Guidelines sentence based upon a policy disagreement with the disparity between the Guidelines treatment of crack versus powder cocaine).

A sentence may be unreasonable if the court "relies on factors incompatible with the Commission's policy statements . . . in the absence of persuasive explanations as to why the sentence actually comports with the § 3553(a) factors." *Rattoballi*, 452 F.3d at 134, 135-36 (vacating a

5

sentence of probation and home confinement as unreasonable when district court appeared to have overlooked or ignored policy statements which "make plain that imprisonment is generally warranted for antitrust offenders"). For example, Congress directed the Sentencing Commission to assure that the guidelines and policy statements "reflect the general inappropriateness of considering the education, vocational skills, employment record, family ties and responsibilities, and community ties of the defendant" in determining the length of a term of imprisonment. 28 U.S.C. § 994(e). Relying on consideration of these factors, without any "extraordinary circumstances particular to [the defendant], and not common to other similarly situated defendants" would be contradictory to a § 3553(a) factor–the policy statements. *Rattoballi*, 452 F.3d at 136 n. 4.

A non-Guidelines sentence "that rests primarily upon factors that are not unique or personal to a particular defendant, but instead reflects attributes common to all defendants" is "inherently suspect." *Rattoballi*, 452 F.3d at 133 (reliance on "indignity and ill-repute associated with a criminal conviction," common to all convicted felons, is contrary to § 3553(a)(6), "which calls for a reduction in unwarranted disparities among similarly situated defendants").

The Government objects to the imposition of a sentence below the Guidelines range as calculated in the Presentence Investigation Report. The record reveals no mitigating factors not adequately considered by the Sentencing Commission that would take this case outside of the Guidelines "heartland" or that would otherwise support a deviation from the Guidelines range. All of the relevant factors that might be considered under 18 U.S.C. § 3553(a) in imposing the sentence in this case have been taken into account by the Sentencing Guidelines.

## VI.     PROCEDURAL REQUIREMENTS FOLLOWING *BOOKER*

### A.     Calculation of the Guidelines Range

The Court should still calculate the Guidelines range "in the same manner as before *Booker.*" *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005); *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005). "An error in determining the applicable Guideline range or the availability of departure authority would be the type of procedural error that could render a sentence unreasonable under *Booker*." *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005), *citing United States v. Rubenstein*, 403 F.3d 93, 98-99 (2d Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 388 (2005).

Prior to sentencing, the court must resolve any material issues of fact, and must state its factual findings–by adoption of the Presentence Report or otherwise–on the record in a manner sufficient to permit appellate review. *See, e.g., United States v. Jeffers,* 329 F.3d 94, 101-02 (2d Cir. 2003); *United States v. Ben-Shimon,* 249 F.3d 98, 103 (2d Cir. 2001). The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) (the power of district judges to resolve disputed facts by a preponderance of the evidence at sentencing survives *Booker*); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005) (neither *Booker* nor *Crawford v. Washington*, 541 U.S. 36 (2004), bars judicial consideration of hearsay at sentencing); *United States v. Crosby*, 397 F.3d at 112, 113. "A sentencing judge would . . . violate [18 U.S.C. §] 3553(a) by limiting consideration of the applicable Guidelines range to the facts found by the jury or admitted by the defendant, instead of considering

the applicable Guidelines range, as required by subsection 3553(a)(4), based on the facts found by the court." *United States v. Crosby,* 397 F.3d at 115.

### B. Consideration of the Sentencing Guidelines and the § 3553(a) Factors

Although the Sentencing Guidelines are no longer mandatory, "*Booker* did not signal a return to wholly discretionary sentencing." *United States v. Rattoballi,* 452 F.3d at 132. The Second Circuit has cautioned:

> [I]t would be a mistake to think that, after *Booker/Fanfan*, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum. On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to "consider" the Guidelines and all of the other factors listed in section 3553(a). We have every confidence that the judges of this Circuit will do so, and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice.

*Crosby,* 397 F.3d at 113-114.

The Guidelines range is the "starting point" for a sentence (*Anati,* 457 F.3d at 237), and is "a benchmark or point of reference or departure for the review of sentences." *Rattoballi,* 452 F.3d at 133. The Guidelines, which were fashioned after careful consideration of the other § 3553(a) factors, "cannot be called just another factor in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges." *Rattobolli,* 452 F.3d at 133 (citations and internal quotation marks omitted).

### C. Statement of Reasons for the Sentence

Section 3553(c) requires the district court "at the time of sentencing" to "state in open court the reasons for its imposition of the particular sentence." Greater specificity is required for: (1)

8

sentences within a Guidelines range that exceeds 24 months – for which the court must state "the reason for imposing a sentence at a particular point within the range" (18 U.S.C. § 3553(c)(1)); and (2) sentences outside the Guidelines range – for which the court must state orally and in the written judgment "the specific reason" for the imposition of the sentence (18 U.S.C. § 3553(c)(2)). *See, e.g., United States v. Lewis*, 424 F.3d 239, 249 (2d Cir. 2005) (remanding because, in imposing a sentence for supervised release violation, the district court failed to state sufficient reasons for imposing a sentence outside the range recommended by Guideline policy statements); *United States v. Goffi*, 446 F.3d 319, 321-22 (2d Cir. 2006) (remanding for the district court to amend the written judgment to state the specific reason for the imposition of a sentence outside of the policy statement for a probation violation).

Absent a compelling statement of reasons, the Second Circuit "may be forced to vacate" a non-Guidelines sentence that significantly deviates from the Guidelines "where the record is insufficient, on its own, to support the sentence as reasonable." *Rattoballi*, 452 F.3d at 135.

### VII. CONCLUSION

The government recommends that the Court sentence defendant to between 108-135 months imprisonment. We also recommend that the Court consider sentencing defendant to a lifetime term of supervised release. Finally, we recommend that the Court issue an order requiring defendant to make restitution to the victim and her family and as specified in the PSR.

Dated: October 18, 2006

Respectfully submitted,

GLENN T. SUDDABY
United States Attorney

By: Miroslav Lovric
Assistant U. S. Attorney

9

## CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on October 18, 2006, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

Miroslav Lovric
Assistant U.S. Attorney