1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF NEW YORK

3   ------------------------------------------------------------

4

5   UNITED STATES OF AMERICA,

6                   -versus-                        06-CR-154

7   LEWIS LEE,

8                           Defendant.

9

10  ------------------------------------------------------------

11              TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS

12  held in and for the United States District Court, Northern

13  District of New York, at the Federal Building and

14  Courthouse, 15 Henry Street, Binghamton, New York, on

15  WEDNESDAY, May 31, 2006, before the HON. THOMAS J. McAVOY,

16  Senior United States District Court Judge, PRESIDING.

17

18

19

20

21

22

23

24

25

APPEARANCES:


FOR THE GOVERNMENT:

UNITED STATES ATTORNEY'S OFFICE

BY:  MIROSLAV LOVRIC, AUSA

        Binghamton, New York



FOR THE DEFENDANT:

FEDERAL PUBLIC DEFENDER'S OFFICE

BY:  LISA PEEBLES, AFPD

        Syracuse, New York

1          THE CLERK:  United States of America versus

2   Lewis Lee, 2006-CR-154.  Please come forward and state

3   appearances for the record.

4          MR. LOVRIC:  Miroslav Lovric for the

5   government.  Good morning, your Honor.

6          THE COURT:  Morning, Mr. Lovric.

7          MISS PEEBLES:  Lisa Peebles appearing on

8   behalf of Mr. Lewis Lee.  Mr. Lee is also present.

9          THE COURT:  Morning, Miss Peebles.

10          THE DEFENDANT:  My name is Lewis Jeffery Lee.

11          (Defendant was duly sworn).

12          THE COURT:  All right.  As I understand it,

13  Miss Peebles, this morning your client, Mr. Lee, wishes to

14  change his plea and enter a plea of guilty to counts one

15  through four of indictment 06-CR-154.

16              Is that your understanding?

17          MISS PEEBLES:  It is, Judge.

18          THE COURT:  Mr. Lovric, is that your

19  understanding?

20          MR. LOVRIC:  Yes, your Honor.

21          THE COURT:  I thought Mr. Lee was indicted up

22  in Chenango County.

23          MISS PEEBLES:  He has a state court case

24  pending, Judge, as well.  That's true.

25          THE COURT:  Is that right?

1          MR. LOVRIC:  Yes, Judge, he does.  He has -- I

2   mean, the charges there deal with state charges of statutory

3   rape, I believe.

4          THE COURT:  I read all of that.  You can't

5   believe what you read in the newspaper.

6          MISS PEEBLES:  Those allegations pertain to

7   accusations from 2005, separate from this.  There may be some

8   overlap with one or two of the charges.  He's pleading here

9   today and they'll have to sort that out in state court but

10  I'm in communication with the attorney that's representing

11  him and he's scheduled to appear on Friday in front of the

12  county court judge and we're hoping that something can be

13  worked out in light of his plea, but there have been no

14  promises that have been made in connection with that.

15         THE COURT:  Okay.  It seemed interesting to

16  me.  I've been through the St. Patrick's Day Four.  I know

17  how that works.  All right.

18         Mr. Lee, in a few moments, I'm going to be

19  asking you some questions in order to learn if you're

20  pleading guilty freely and voluntarily with an understanding

21  of the charges and consequences.  I'll be asking you if

22  you're under the influence of any substances such as alcohol,

23  narcotics or medication which would in any way interfere with

24  your ability to understand the charges and the consequences.

25  I'm going to be asking you if anybody has made any promises

1  of leniency to you or threats of force against you to induce

2  you to plead guilty.  I'm going to be asking you something

3  about what you did in the case so the Court can establish

4  that there's a factual basis for accepting and entering your

5  plea and I'm going to ask you questions about your personal

6  history and background and I want to advise you if your

7  answers are not truthful, they may later be used against you

8  in a prosecution for perjury or for making a false statement.

9              Do you understand that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Okay.  Before I ask you those

12  questions and before the clerk takes your plea, I want to

13  tell you about some rights that you have in connection with

14  this matter:  First of all, you have the right to persist in

15  your original plea of not guilty to all four counts of the

16  indictment.  You have the right to a speedy and public trial

17  by an impartial jury of 12 persons or to a trial by the Court

18  alone if you were to waive or give up your right to a jury

19  trial.

20             Upon such a trial you would be presumed to be

21  innocent under the law and the burden would be upon the

22  government to establish your guilt beyond a reasonable doubt

23  to the satisfaction of all 12 jurors or to the satisfaction

24  of the Court, if you waived a jury trial.

25             At such a trial, you'd have the right to

1  representation by counsel.  You'd have the right to confront,

2  that is, to see and hear any witnesses sworn against you and

3  to cross-examine them.  You'd have the right to remain silent

4  or to testify in your own behalf but you couldn't be

5  compelled to testify against yourself or to testify at all

6  and your silence couldn't be held against you in any way nor

7  could any inferences of guilt be drawn against you if you

8  decided not to testify.  You'd have the right to use the

9  subpoena or other processes of the Court, to compel witnesses

10 to attend the trial and testify and to obtain any documentary

11 or other evidence you might wish to offer in your own

12 defense.

13          Now, if the Court accepts your plea of guilty

14 here this morning, you're going to waive or give up all those

15 rights, there won't be a trial of any kind and the Court will

16 have the same power to sentence you as if you had been found

17 guilty after a trial on the counts to which you're pleading.

18          Did you speak with Miss Peebles about the four

19 counts in the indictment?

20          THE DEFENDANT:  Yes, I did, your Honor.

21          THE COURT:  Have you read the indictment

22 yourself?

23          THE DEFENDANT:  I have, your Honor.

24          THE COURT:  Okay.  Did she explain those

25 counts to you?

1           THE DEFENDANT:  Yes, your Honor, she did.

2           THE COURT:  Do you understand them?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  All right.  Did you also speak

5    with her about the consequences of pleading guilty?

6           THE DEFENDANT:  Yes.

7           THE COURT:  And potential sentences involved?

8           THE DEFENDANT:  Yes.

9           THE COURT:  She explain those to you?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you understand them?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Court also wants to advise you

14   that your plea of guilty constitutes a waiver or giving up of

15   your right against self-incrimination and I want to warn you

16   not to plead guilty unless you're, in fact, guilty of the

17   charges made against you in the indictment.  I guess it's an

18   information not an indictment.

19          So, do you still wish to plead guilty?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  All right.  Madam clerk.

22          THE CLERK:  As to the indictment 2006-CR-154,

23   United States of America versus Lewis Lee, the grand jury

24   charges as to count one, transporting a minor in interstate

25   commerce to engage in sexual activity.  Between in and about

1   March 6, 2006, and continuing through in and about April of

2   2006, in the Northern District of New York and elsewhere,

3   defendant Lewis Lee, knowingly transported a minor whose

4   identity is known to the grand jury and who was at the time

5   under the age of 18 years, in interstate commerce from the

6   State of New York into and through several other states in

7   the United States with intent that the minor engage in sexual

8   activity for which conduct defendant can be charged with a

9   criminal offense pursuant to state statutes and other federal

10  statutes.  In violation of Title 18, United States Code,

11  Section 2423(a).

12              Mr. Lee, how do you plead to count one?

13              THE DEFENDANT:  Guilty.

14              THE CLERK:  As to count two, traveling in

15  interstate commerce with intent to engage in illicit sexual

16  conduct with a minor.  Between in and about March of 2006 and

17  continuing through in and about April of 2006, in the

18  Northern District of New York and elsewhere, defendant Lewis

19  Lee did travel in interstate commerce for the purpose of

20  engaging in illicit sexual conduct with a minor under 18

21  years of age and whose identity is known to the grand jury.

22  In violation of Title 18, United States Code, Section

23  2423(b).

24              Mr. Lee, how do you plead to count two?

25              THE DEFENDANT:  Guilty.

1          THE CLERK:  As to count three, persuading a

2     minor to travel in interstate commerce with intent to engage

3     in illicit sexual conduct with a minor.  Between in and about

4     March 6, 2006, and continuing through in and about April of

5     2006, in the Northern District of New York and elsewhere,

6     defendant Lewis Lee knowingly persuaded, induced, and enticed

7     a minor whose identity is known to the grand jury and who was

8     at that time under the age of 18 years, to travel in

9     interstate commerce to engage in sexual activity for which

10    conduct defendant can be charged with a criminal offense

11    pursuant to state statutes and other federal statutes.  In

12    violation of Title 18, United States Code, Section 2422(a).

13          Mr. Lee, how do you plead to count three?

14          THE DEFENDANT:  Guilty.

15          THE CLERK:  And to count four, travel in

16    interstate commerce with intent to engage in conduct that

17    violates an order of protection.  Between in and about March

18    of 2006, and continuing through April 2006, in the Northern

19    District of New York and elsewhere, defendant Lewis Lee did

20    travel in interstate commerce with the intent to engage in

21    conduct that violated an order of protection issued in

22    Chenango County, New York, on or about January 31, 2006 which

23    order prohibited contact, communication, physical proximity,

24    and other forms of conduct by defendant as to several

25    individuals whose identities were known to the grand jury and

1  defendant did engage in such conduct in violation of the

2  order of protection.  In violation of Title 18, United States

3  Code, Section 2262(a)(1).

4            Mr. Lee, how do you plead to count four?

5            THE DEFENDANT:  Guilty.

6            THE COURT:  All right.  Mr. Lee, would you

7  please state your full name for us once again.

8            THE DEFENDANT:  My full name is Lewis Jeffery,

9  spelled J-E-F-F-E-R-Y, sir, Lee.  L-E-E.

10           THE COURT:  Okay.  How old are you?

11           THE DEFENDANT:  I'm 54 years old.

12           THE COURT:  What's your date of birth?

13           THE DEFENDANT:  9/24/51.

14           THE COURT:  Married?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Have any children?

17           THE DEFENDANT:  Two.

18           THE COURT:  What are their age and gender?

19           THE DEFENDANT:  Both girls.  One would be 34

20  this July and the other will be 31 this December.

21           THE COURT:  All right.  And tell me about your

22  educational background?

23           THE DEFENDANT:  General studies in high

24  school, plus two years of votech training and machinist

25  training and three years of theology study.

1                 THE COURT:  Okay.  And tell me a little bit

2    about your work history.

3                 THE DEFENDANT:  Thirty years of seniority with

4    General Motors Corporation, retired.  Worked road

5    construction, worked general construction.  And upon retiring

6    from General Motors, was a home improvements contractor for

7    two years.

8                 THE COURT:  Okay.  Have you had any alcohol or

9    narcotics in the past 48 hours?

10                THE DEFENDANT:  No, sir.

11                THE COURT:  Are you currently or have you

12   recently been under the care of any physician or psychiatrist

13   for any physical or mental condition?

14                THE DEFENDANT:  I take blood pressure

15   medicine, your Honor.

16                THE COURT:  You have elevated blood pressure?

17                THE DEFENDANT:  I take a diuretic for fluids.

18   I get a pill for that, I'm not sure what it is.

19                THE COURT:  Some kind of hydrochloride?

20                THE DEFENDANT:  Some pill to help me take the

21   water out of my system.

22                THE COURT:  What are you on for high blood

23   pressure besides the dehydrating pill?

24                THE DEFENDANT:  They're giving me the generic

25   drug of the brand Caylick (phonetic).

1    THE COURT:  Okay.  Does ingestion of those

2    medications in any way interfere with your ability to

3    understand the charges and consequence?

4    THE DEFENDANT:  I do not think so, sir.

5    THE COURT:  Okay.  Did you hire Miss Peebles

6    to represent you in this case or was she appointed by the

7    Court?

8    THE DEFENDANT:  I believe you were appointed

9    by the Court.

10    THE COURT:  Okay.  Has she advised you of your

11    rights?

12    THE DEFENDANT:  Yes, she has.

13    THE COURT:  Is there anything you'd like to

14    ask me about your rights this morning?

15    THE DEFENDANT:  No, sir.  I understand my

16    rights.

17    THE COURT:  Are you satisfied with what Miss

18    Peebles has done for you so far?

19    THE DEFENDANT:  I'm very much satisfied.  I

20    thanked her this morning already for helping me.

21    THE COURT:  Has Miss Peebles, Mr. Lovric or

22    any public official or anyone made any promises to you that

23    you'd be treated leniently in exchange for your plea of

24    guilty in this case?

25    THE DEFENDANT:  No.

1          THE COURT:  Has anybody threatened you with
2   the use of force to induce you to plead guilty?
3          THE DEFENDANT:  No, sir.
4          THE COURT:  Are you pleading guilty freely and
5   voluntarily?
6          THE DEFENDANT:  Of my own free will.
7          THE COURT:  Are you currently on probation?
8          THE DEFENDANT:  No, sir.
9          THE COURT:  Must be some kind of a situation,
10  pretrial status in Chenango County?
11          MISS PEEBLES:  He never made bail over in
12  Chenango County.
13          THE COURT:  So you're released on bail?
14          THE DEFENDANT:  No, sir.
15          MISS PEEBLES:  He was writted over here so
16  he's been borrowed from the state.  He never made bail over
17  in the state court.
18          THE COURT:  I guess the status would be he's
19  being held to answer to charges in Chenango County?
20          MISS PEEBLES:  Correct.
21          THE COURT:  Mr. Lovric, does the government
22  have sufficient evidence to prove Mr. Lee guilty beyond a
23  reasonable doubt of the charges in counts one through four?
24          MR. LOVRIC:  Yes, we do, Judge.
25          THE COURT:  What would you prove if the case

1   went to trial?

2            MR. LOVRIC:  Your Honor, if the case went to

3   trial, we would call a number of witnesses to testify.  In

4   addition, we would also produce and introduce documentary

5   evidence, as well as several other physical type evidence

6   that would be introduced.  The types of witnesses that we

7   would call would include lay witnesses, including the

8   15-year-old victim minor in this case.  We would also call a

9   number of other lay witnesses being adults who would have

10  relevant information regarding the conduct.  We would also

11  call a number of FBI agents, as well as state law enforcement

12  officers.

13           In our view, the evidence would show that the

14  conduct that Mr. Lee has pled guilty to today dealt with

15  conduct and activities that occurred between March of 2006

16  and into and through April 17 of 2006 when he was, in fact,

17  arrested by the FBI.  We would prove that in March of 2006,

18  Mr. Lee at that time was living and residing in the State of

19  Maryland.  He had moved back to Maryland from New York State

20  somewhere approximately in the February 2006 time frame.

21  Mr. Lee in March of 2006 traveled from the State of Maryland

22  to New York State to Chenango County and at that time engaged

23  in contact with a 15-year-old minor.  The 15-year-old minor

24  that he contacted was a person as to whom an issue -- an

25  order of protection had been issued on January 31 of 2006 by

1   a Chenango County Court Judge.  When Mr. Lee traveled from

2   Maryland to New York State, he had personally been served in

3   January 2006 with the order of protection in court.  That

4   order ordered him not to have any contact, direct or

5   indirect, personal or otherwise, with the 15-year-old minor

6   or with the family that the minor resided with in Chenango

7   County.  Mr. Lee -- after being served that order of

8   protection in January 2006, then in March of 2006 traveled

9   from Maryland to New York State.  He not only contacted the

10  15-year-old minor but he discussed with the minor and

11  encouraged her to leave with him from the State of New York

12  and to accompany him out of the State of New York.

13          We would prove that the minor did, in fact,

14  accompany Mr. Lee out of New York State.  Mr. Lee transported

15  the minor in his truck that he drove up from Maryland.  He

16  then drove the minor to Pennsylvania initially.  He stayed

17  with the minor very, very briefly for one day in

18  Pennsylvania.  Thereafter, he transported the minor through

19  several other states, including West Virginia, including

20  Kansas, Wyoming, and a number of other states throughout the

21  country.  We would prove that during the time frame that the

22  minor was in Mr. Lee's custody, that Mr. Lee did engage in

23  sexual acts, including sexual intercourse with the

24  15-year-old minor.  We would prove that the time frame that

25  the minor was in Mr. Lee's custody was approximately about a

1   month time frame.  During that time, Mr. Lee was transporting

2   the minor through several states and was finally apprehended

3   by the FBI and the Maryland State Police in the Maryland/West

4   Virginia area.  We would prove that the conduct that Mr. Lee

5   engaged in with the minor, the sexual conduct, that conduct

6   he could be prosecuted for, it is in violation of several

7   statutes under state law, including endangering the welfare

8   of a minor for which he could be prosecuted.  We would prove

9   that Mr. Lee knew the minor's age to be 15 years old at the

10  time based upon, you know, prior, prior knowledge of the

11  minor and her family.

12              Those are the acts and conduct that we would

13  prove, your Honor.

14              THE COURT:  All right.  You probably could

15  establish, could you not, Chenango County is in the Northern

16  District of New York?

17              MR. LOVRIC:  Yes.

18              THE COURT:  Mr. Lee, did you hear what

19  Mr. Lovric said about your conduct in this case?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Is that what you did?

22              THE DEFENDANT:  Basically.

23              THE COURT:  Well, is there something that I

24  should know about?

25              THE DEFENDANT:  Sir --

1          THE COURT:  This isn't the time to talk about
2    anything to do with sentencing.
3          THE DEFENDANT:  No.
4          THE COURT:  Has to do with your conduct.
5          THE DEFENDANT:  No.  The conduct -- the
6    context of it is extremely accurate, sir.  The only thing
7    that is in my mind is I didn't spend a day in Pennsylvania.
8          THE COURT:  Part of the day?
9          THE DEFENDANT:  Just part of the day.
10         THE COURT:  All right.
11         THE DEFENDANT:  That was all, sir.
12         THE COURT:  Not 24 hours?
13         THE DEFENDANT:  No, sir.
14         THE COURT:  How long did you spend?
15         THE DEFENDANT:  What's it take to drive across
16   Pennsylvania?
17         THE COURT:  Seven hours.
18         THE DEFENDANT:  Then that would be the time,
19   sir.
20         THE COURT:  That's a guess on my part.  I'm
21   not sure.  It's been a long time.
22         THE DEFENDANT:  There was -- there was a brief
23   stop at a motel to pick up luggage and then we proceeded,
24   sir.
25         THE COURT:  Okay.  All right.  Now,

1   Mr.  Lovric, would you please advise Mr. Lee and the Court

2   what the maximum or any minimum penalty would be for the

3   count involved?

4                   MR. LOVRIC:  Yes, Judge.  As to count one, the

5   maximum penalty is 30 years.  There's a mandatory minimum of

6   five years.  As to count two, there's no mandatory minimum

7   but there's a maximum of 30 years.  As to count three,

8   there's a mandatory, excuse me, there's no mandatory minimum

9   but a possible maximum of 20 years.  As to count four, the

10  possible maximum penalty is 5 years.  There's no mandatory

11  minimum.

12                  As to each of the counts, the Court has the

13  ability to impose a maximum fine of $250,000.  As to each of

14  the four counts, there's a special assessment of $100 per

15  count, bringing the total to $400.  And as to each of the

16  counts, there's a supervised release term possible of up to

17  five years and if the defendant were to violate any terms of

18  supervised release, the Court would have the power to add an

19  additional three years of imprisonment.  I do not believe or

20  have any reason to think that Mr. Lee is anything but a US

21  Citizen.  If for some reason he were not to be a US Citizen,

22  then he could be deported based upon a conviction of any of

23  these offenses.

24                  Those are the possible maximum penalties.

25                  THE COURT:  All right.  Mr. Lee, the Court

1   must advise you also under and pursuant to certain sentencing

2   guidelines adopted by the United States, which formally were

3   mandatory but now must be considered by the Court in the

4   sentencing factor, my discretion in sentencing you thereby

5   becomes limited and I must enforce the law as it stands

6   today, but sometimes the Court can depart from those

7   guidelines and sentence you above them, below them or even

8   outside the guidelines depending upon the facts, the

9   circumstances and the law that's presented to the Court at or

10  about the time of sentencing.

11              So, do you understand what I just said about

12  the sentencing guidelines?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  All right.  Mr. Lovric, have you

15  done a preliminary calculation?

16              MR. LOVRIC:  Yes, Judge.  We believe that the

17  applicable guideline provision is 2G1.3.  We believe that all

18  four counts would be grouped under the grouping provisions.

19  Under 2G1.3, the base offense level is a 24.  We believe that

20  there would be a 2 point enhancement for abuse of trust

21  and/or undue influence under Section 2G1.3(b)2 or 3B1.3.  We

22  also believe there would be a two point enhancement for the

23  commission of a sexual act in connection with the conduct.

24  We, therefore, think that the total offense level would be a

25  28.  If the Court grants acceptance to Mr. Lee for the plea,

1  then it would bring his total offense level down to a 25 from

2  a 28.  I think Mr. Lee's criminal history would be at the

3  lower end, one, depending on what happens in the state matter

4  is possibly a two, but it will be at the lower end of the

5  guideline range.

6            At offense level 28, criminal history 1, the

7  range is 78 to 97 months and then at the highest criminal

8  history of 6, it's 140 to 175 months.  At offense level 25,

9  criminal history 1, the guideline range is 57 to 71 months.

10  At the highest level of criminal history 6, it's 110 to 137

11  months and then obviously the five year mandatory minimum,

12  that being 60 months, would override any guideline range that

13  was lower than the 60 months.

14            THE COURT:  All right.  Mr. Lee, now that

15  you've heard about the statutory sentence and the guidelines,

16  do you still wish to plead guilty?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  Are you pleading guilty because

19  you're guilty?

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  Miss Peebles, would you please

22  tell us about your background and experience in handling

23  matters of this kind?

24            MISS PEEBLES:  Yes, Judge.  Just one quick

25  point, if I may, with regard to the guideline calculation.

1      THE COURT:  Sure.

2      MISS PEEBLES:  We're not in agreement that

3  there was --

4      THE COURT:  Enhancement.

5      MISS PEEBLES:  For abuse of trust but aside

6  from that --

7      THE COURT:  Sure.  Well, we can have

8  information presented to the Court.  Now, post Booker/Fanfan,

9  the Court becomes the person to consider that information,

10  make a determination based upon the preponderance of the

11  evidence as to whether or not those enhancements should apply

12  or not apply.  The Court will be totally open to any

13  information anyone presents to me on that topic.

14      MISS PEEBLES:  Yes, Judge.  Thank you.

15  Background has been, I've been with the Office of Federal

16  Public Defender since 1999.  It's been almost seven years and

17  prior to that, Judge, I was admitted to practice in the

18  Northern District of New York and handled a number of CJA

19  cases from 1993 to 1999.

20      THE COURT:  All right.  Approximately how much

21  time have you spent defending Mr. Lee against these charges?

22      MISS PEEBLES:  Approximately 25 hours, your

23  Honor.

24      THE COURT:  Okay.  Have you had what you

25  believe to be adequate discovery of the government's case?

1          MISS PEEBLES:  I have, your Honor.

2          THE COURT:  Have you advised your client of

3   his rights, nature of the charges and consequences of

4   pleading guilty?

5          MISS PEEBLES:  Yes, I have.

6          THE COURT:  Have you made any promises or

7   threats to induce him to plead guilty?

8          MISS PEEBLES:  No, I have not.

9          THE COURT:  Are you satisfied that he's

10  pleading guilty freely and voluntarily with an understanding

11  of the charges and the consequences?

12         MISS PEEBLES:  I am, your Honor.

13         THE COURT:  Do you know of any defense that

14  would prevail if the case went to trial?

15         MISS PEEBLES:  I do not.

16         THE COURT:  Do you know of any reason why he

17  should not plead guilty?

18         MISS PEEBLES:  No, your Honor.

19         THE COURT:  Based on the foregoing the Court

20  will find Mr. Lee pled guilty freely and voluntarily; that he

21  is and was competent to enter such a plea; that he

22  understands the charges against him and the consequences of

23  pleading guilty; that there is and was a basis, in fact, for

24  the Court accepting and entering the plea.

25              The Court will direct the Probation Department

1    to prepare and submit a presentence report.

2              The Court will set sentencing for Thursday,

3    September 28, at 9:30 AM in Binghamton, New York.

4              Now, is Mr. Lee going to be transported into

5    state custody when this matter is over?

6              MISS PEEBLES:  We're trying to work that out,

7    Judge.

8              THE COURT:  Either state or federal custody.

9              MISS PEEBLES:  We're hoping he'll be

10   transferred into federal custody at some point in the near

11   future.  It has yet to be determined.

12             THE COURT:  Is there anything further?

13             MR. LOVRIC:  No, Judge.

14             MISS PEEBLES:  No, Judge.

15             THE COURT:  Okay.  Court stands adjourned in

16   this matter.

17             (Court stands adjourned)

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3

4           I, VICKY A. THELEMAN, RPR, CRR, United

5    States Court Reporter in and for the United States

6    District Court, Northern District of New York, do

7    hereby certify that I attended at the time and place

8    set forth in the heading hereof; that I did make a

9    stenographic record of the proceedings had in this

10   matter and cause the same to be transcribed; that

11   the foregoing is a true and correct copy of the same

12   and the whole thereof.

13

14

15                       _____

16                       VICKY A. THELEMAN, RPR, CRR

17                       United States Court Reporter

18                       US District Court - NDNY

19

20

21   Dated:  November 6, 2006.

22

23

24

25