# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF NEW YORK

Albany - Main Office
39 NORTH PEARL ST.
5TH FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

Syracuse - Branch Office
4 CLINTON SQUARE
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Alexander Bunin,
Federal Public Defender

Lisa Peebles, First Assistant

**RESPOND TO SYRACUSE OFFICE**

August 20, 2008

The Honorable Thomas J. McAvoy
Senior United States District Judge
Courthouse and Federal Building
15 Henry Street
Binghamton, New York 13901

      RE:    UNITED STATES OF AMERICA V. LEWIS LEE
               CASE NO. 06-CR-154 (TJM)

Dear Judge McAvoy,

      The government recently filed a letter, dated August 13, 2008, requesting this Court to order the Probation Office to examine the issue of whether U.S.S.G. §4B1.5(b) applies to Mr. Lee. The government's request should be denied because this Court lacks jurisdiction to consider for the first time whether this adjustment applies to Mr. Lee.

      As even the government concedes, it did not object to the PSR at the initial sentencing and failed to appeal or cross-appeal the issue of whether U.S.S.G. §4B1.5(b) applies. Instead, the government waited until resentencing on remand to move for application of this adjustment. In its mandate, however, the Court of Appeals vacated this Court's sentence and remanded the matter for resentencing *consistent* with its order. As the Circuit Court's order was concerned solely with whether this Court's application of a vulnerable victim enhancement under U.S.S.G. §3A1.1(b)(1) was adequately supported by the factual record, the scope of this Court's jurisdiction on remand is limited to that sole consideration. *See, e.g., United States v. Kikumura*, 947 F.2d 72, 76 (3rd Cir. 1991) (holding, on remand, that a district court is bound to follow the mandate of the court of appeals).

      Curiously, the government, in response to counsel's request for proof of costs pertaining to the victim's treatment, stated rather emphatically that the Circuit Court's remand was limited to the "very specific and narrow issue" concerning the vulnerable victim enhancement. In an apparent change of course, the government now contends that this Court is free to range beyond this "very specific and narrow issue" to consider the application of adjustments never before contemplated in this case. The government offers no justification for its contradictory positions

and does not claim that U.S.S.G. §4B1.5(b) somehow falls within the "very specific and narrow issue" of whether the vulnerable victim enhancement was properly applied.  As the government contended in its initial briefing on remand, this Court should limit its resentencing on remand to the sole issue of whether an adequate factual record exists to apply the vulnerable victim enhancement under U.S.S.G. §3A1.1(b)(1).  Therefore, this Court should deny the government's request to order the Probation Office to examine the issue of whether U.S.S.G. §4B1.5(b) applies in this case.

                        Very truly yours,
                        OFFICE OF THE FEDERAL PUBLIC DEFENDER

                    By:    S/Lisa A. Peebles
                            Lisa A. Peebles, Esq.
                            First Assistant Federal Public Defender

LAP:vlb

TO:    Miroslav Lovric, AUSA
         Lewis Lee